IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON

**MICHAEL THOMPSON,**

      **Petitioner,**

**v.**                              **Case No. 2:10-cv-01361**

**STATE OF WEST VIRGINIA,**

      **Respondent.**

**PROPOSED FINDINGS AND RECOMMENDATION AND NOTICE TO PETITIONER**

On December 8, 2010, Petitioner filed a Petition Under 28 U.S.C. § 2241 for a Writ of Habeas Corpus by a Person in State of Federal Custody[1] (docket sheet document # 2). Petitioner paid the applicable $5.00 filing fee. This matter is assigned to the Honorable John T. Copenhaver, Jr., United States District Judge, and it has been referred to the undersigned United States Magistrate Judge for submission of proposed findings and a recommendation for disposition, pursuant to 28 U.S.C. § 636(b)(1)(B).

**PROCEDURAL HISTORY**

Petitioner's claim for habeas corpus relief stems from his conviction, following a guilty plea to a charge of first degree

---

[1] Because Petitioner is challenging the validity of his conviction in the Circuit Court of Kanawha County, West Virginia, the court finds that the petition should be treated as a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, not section 2241. This will be explained further infra.

murder in the Circuit Court of Kanawha County, which was entered on or about June 4, 2010. According to the petition, Petitioner was sentenced to 15 years to life on or about November 30, 2010.

According to Petitioner, his plea to the first degree murder charge was in exchange for the dismissal of a second charge of first degree robbery. (# 1 at 2). Petitioner's petition alleges a claim of ineffective assistance of counsel by his defense attorneys, Hebert L. Hively II and Dennis Bailey. Petitioner claims that he was improperly advised by his counsel, and coerced into signing his plea agreement. Petitioner further asserts that his attempt to withdraw his plea prior to his sentencing was denied by the Honorable Louis H. Bloom, Circuit Judge. (Id. at 7).

Petitioner's criminal judgment is not yet final. Petitioner has the opportunity to file a Petition for Appeal in the Supreme Court of Appeals of West Virginia (the "SCAWV"). Pursuant to Rule 5(b) of the Revised Rules of Appellate Procedure, which took effect on December 1, 2010, Petitioner must file a Notice of Appeal and the required attachments described in the Notice of Appeal form contained in the rules, in the Office of the Clerk of the SCAWV within 30 days of the entry of the judgment being appealed.

The undersigned's staff has confirmed with the Clerk of the SCRWV that Petitioner has not yet filed a Notice of Appeal in that court; nor has Petitioner filed any application or motion for post-conviction relief in the Circuit Court of Kanawha County, which

would affect the time frame for filing the Notice of Appeal.

### ANALYSIS

Petitioner's petition concerns the validity of his state court criminal judgment.  Section 2254 of Title 28 of the United States Code is the appropriate statute that governs such a challenge.  Section 2254 of Title 28 of the United States Code provides, in pertinent part:

> (b)(1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -
>    (A) the applicant has exhausted the remedies available in the courts of the State . . . .
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. §§ 2254(b)(1)(A), (c).

The petitioner bears the burden of proving exhaustion.  See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998); Matthews v. Evatt, 105 F.3d 907, 911 (4th Cir. 1997).  Where a petitioner has failed to exhaust his state court remedies, the federal petition should be dismissed.  McDaniel v. Holland, 631 F. Supp. 1544, 1545 (S.D. W. Va. 1986)(citing Preiser v. Rodriquez, 411 U.S. 475, 477 (1973)).

In West Virginia, prisoners may exhaust their available state court remedies either by stating cognizable federal constitutional claims in a direct appeal to the SCAWV, or by stating such claims

in a petition for a writ of habeas corpus in a state circuit court pursuant to West Virginia Code § 53-4A-1, followed by filing a petition for appeal from an adverse ruling in the SCAWV. Moore v. Kirby, 879 F. Supp. 592, 593 (S.D. W. Va. 1995); McDaniel v. Holland, 631 F. Supp. at 1545. A prisoner may also exhaust the State court remedies by filing a petition for a writ of habeas corpus filed under the original jurisdiction of the SCAWV. However, an original jurisdiction petition that is denied without an indication that the denial is with prejudice following a determination on the merits will not exhaust the prisoner's State court remedies. See Moore, 879 F. Supp. at 593; McDaniel, 631 F. Supp. at 1546; see also, Meadows v. Legursky, 904 F.2d 903, 908-909 (4th Cir. 1990)(abrogated on other grounds, Trest v. Cain, 522 U.S. 87 (1997)).

From the face of the petition, it is clear that Petitioner has not exhausted any of the remedies discussed above, and that his present petition is premature. The undersigned proposes that the presiding District Judge **FIND** that Petitioner's judgment is not yet final and Petitioner has not exhausted his state court remedies. Therefore, it is respectfully **RECOMMENDED** that the presiding District Judge **DISMISS** Petitioner's section 2254 petition, without prejudice, pending the exhaustion of his state court remedies.

Petitioner is hereby **NOTIFIED** that there are strict time limits involved for the filing of a section 2254 petition.

Petitioner is hereby **NOTIFIED** that, under 28 U.S.C. § 2244(d)(1), a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254 must be filed within one year of a criminal judgment becoming final. 28 U.S.C. § 2244(d)(1). However, the time period in which a properly-filed application for State post-conviction relief or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward the period of limitation. 28 U.S.C. § 2244(d)(2).

Petitioner is further **NOTIFIED** that he must exhaust his available state court remedies and file a new section 2254 petition, if warranted, before the expiration of the one-year statute of limitations. As noted above, the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward the limitation period. 28 U.S.C. § 2244(d)(2). In other words, as to his Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2254, Petitioner must first and promptly file a petition for appeal in the SCAWV, raising any federal constitutional claims that he may wish to assert and, if his petition is denied, then he may file a new section 2254 petition in federal court.

Petitioner is further **NOTIFIED** that this Proposed Findings and Recommendation is hereby **FILED**, and a copy will be submitted to the Honorable John T. Copenhaver, Jr., United States District Judge.

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rules 6(e) and 72(b), Federal Rules of Civil Procedure, Petitioner shall have fourteen days (filing of objections), and then three days (service/mailing), from the date of filing this Proposed Findings and Recommendation within which to file with the Clerk of this Court, specific written objections, identifying the portions of the Proposed Findings and Recommendation to which objection is made, and the basis of such objection. Extension of this time period may be granted by the presiding District Judge for good cause shown.

Failure to file written objections as set forth above shall constitute a waiver of <u>de</u> <u>novo</u> review by the district court and a waiver of appellate review by the circuit court of appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 155 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 846 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on Judge Copenhaver.

The Clerk is directed to file this Proposed Findings and Recommendation and to mail a copy of the same to Petitioner.

<u>   December 14, 2010   </u>
          Date

Mary E. Stanley
United States Magistrate Judge